IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HEIDI LYNN MARIE JAMES,

                      Plaintiff,

v.

GARY THOMAS BORDEN,

                      Defendant.

ORDER

13-cv-648-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Heidi Lynn Marie James, proceeding in forma pauperis, has filed a proposed complaint seeking damages from defendant Gary Thomas Borden. Dkt. #1. It is ready for screening to determine whether it is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). Having reviewed the complaint, I conclude that it must be dismissed because it does not comply with Federal Rule of Civil Procedure 8. However, I will give plaintiff an opportunity to file an amended complaint that gives proper notice of her claim.

      Under Rule 8, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776

(7th Cir. 2007).

Plaintiff says that defendant "was to remain on [her] insurance . . . but NOT TO USE IT" and that he "has been using it since . . . April 1, 2011." Dkt. #1 (emphasis in original). She says that defendant should pay her back for her health, dental and vision insurance during that time. However, plaintiff's complaint fails to explain why she believes she is entitled to damages from defendant. Plaintiff need not state specific legal theories, but she must explain the grounds upon which her claim rests. DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000). In her revised complaint, plaintiff should consider answering the following questions: Did defendant breach a contract with plaintiff? Is defendant failing to abide by the parties' divorce decree? Did defendant defraud or lie to plaintiff? If she fails to explain why defendant owes her damages, I must dismiss her complaint with prejudice.

From the complaint it appears that plaintiff and defendant had an agreement and plaintiff is complaining that defendant has breached it. If that is the case, plaintiff is asserting a state law claim, and I cannot proceed without diversity jurisdiction. Taake v. County. of Monroe, 530 F.3d 538, 540 (7th Cir. 2008) (contract case between state actor and state citizen "has no place in federal court because it presents only state-law claims"). Federal district courts may exercise jurisdiction only in cases for which Congress has determined that jurisdiction is proper, such as when the plaintiff's claims present federal questions or arise under federal law, 28 U.S.C. § 1331, or when the plaintiff's citizenship is completely diverse from the defendant's, 28 U.S.C. § 1332.

If plaintiff seeks to proceed on a state law claim, such as breach of contract or fraud,

2

then she must show that she and defendant are citizens of different states and that the amount in controversy exceeds $75,000. (Plaintiff listed both herself and defendant as having Wisconsin addresses and apparently seeks damages for her insurance premiums, which would amount to $5,854.50 from April 2011 to present.) If plaintiff does not plead a federal question or make the necessary showings about citizenship and amount in controversy, I cannot exercise jurisdiction over the case and must dismiss it. Preston v. Purtell, 410 F.2d 234, 236 (7th Cir. 1969) ("A complaint must affirmatively aver such facts as will support the existence of federal jurisdiction.").

ORDER

IT IS ORDERED that plaintiff Heidi Lynn Marie James's complaint is DISMISSED WITHOUT PREJUDICE; she may have until November 25, 2013 to file a proposed amended complaint that complies with the Federal Rules of Civil Procedure as described in this order. If plaintiff fails to respond by that date, the clerk of court is directed to close the case.

Entered this 30th day of October, 2013.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge